NORMA WATERS, PLAINTIFF-APPELLANT, v. HELENE SOLITARE, DEFENDANT-RESPONDENT.

Argued October 20, 1943—Decided February 2, 1944.

For the appellant, *Morris Bloom.*

For the respondent, *De Brier & Shahadi (Harry Miller,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J.  This appeal is from a judgment entered in the Atlantic County Circuit Court based upon a nonsuit granted by the trial judge at the conclusion of plaintiff's case.

Respondent is the owner of a certain store and residence premises situate in the City of Atlantic City.  The store

portion of the premises is at the street level. To the rear of the store a short series of steps lead upward and to the rear to the residential portion of the building. A back door entrance gives access also to the residence.

Appellant has had an acquaintance for more than thirty years with respondent and on October 15th, 1942, she called at the store of respondent. "I went to the store on my way downtown and I asked her [respondent] if she wanted me to do any errands while I was down there." Respondent requested that appellant purchase some mousetraps for her and instructed appellant that upon her return with the mousetraps she was "to go in the back door because there was a bell on the store door and if I went into the store they had to run down the stairs to see if it was a customer or not." Having purchased the mousetraps, appellant entered the premises of respondent at the back door as directed and went into the residence. Finding that respondent was not in the kitchen, appellant "laid the mousetraps on the table and went through the living room and the boy's bedroom and started down the steps into the store when I caught my heel." As a result of having caught her heel on the step appellant was thrown forward and struck an icebox and fell into a quantity of soda bottles collected at that point, suffering the injuries complained of.

Appellant testified that while she was in the hospital because of these injuries respondent called to see her and "She said she was sorry it happened, that I had been hurt so badly, especially when she knew that the steps were in that condition and that she had intended to have them fixed, but that she never did so."

The regular occupation of appellant was that of a houseworker. It is not shown that appellant did housework for respondent or intended to perform housework on the occasion of this visit. Appellant testified that after returning from her shopping trip she first went to her home and changed her clothes before going to the residence of respondent, but it is not indicated that the change of apparel was for the purpose of entering upon an employment as a houseworker for respondent.

Upon motion for nonsuit made on behalf of defendant, respondent here, the trial court determined that the proofs satisfactorily evidenced that appellant was a social visitor merely upon the premises of respondent and had only the rights of a licensee, with the duty upon respondent to refrain only from willfully or wantonly injuring appellant, and that respondent was not culpable in this regard, or, in the alternative, if appellant was to be considered as an invitee upon the premises for a given purpose, that the duty of respondent was to exercise ordinary care to render the premises reasonably safe for such use, and that there was no evidence, express or implied, of invitation to appellant to use the portion of the premises in which the injury complained of occurred, and thereupon granted the motion for nonsuit upon which the judgment complained of was entered.

We conclude that the trial court in so disposing of the matter fell into legal error. It seems clear that appellant was upon the premises of respondent at the invitation of respondent and for her benefit. The direction to appellant to enter the premises by the back door upon her return from the shopping trip, especially in view of the reason given for this limitation, may not be construed as a further limitation that appellant must also leave the premises by that door. No restriction in this regard was imposed and it may fairly be inferred that it was open to appellant to leave the premises by whatever exit she chose. It is a proper inference also that appellant considered that her service to respondent was not completed until she had informed respondent of the delivery of the mousetraps and that this was her purpose in descending the stairway to enter the store portion of the premises.

A fact question for determination by a jury was thus presented and it was error to rule otherwise.

The judgment appealed from is reversed.

*For affirmance*—THE CHANCELLOR, CASE, WELLS, THOMPSON, DILL, JJ.   5.

*For reversal*—THE CHIEF JUSTICE, PARKER, DONGES, HEHER, PORTER, COLIE, DEAR, RAFFERTY, JJ.   8.